Filing # 140416636 E-Filed 12/15/2021 11:34:34 AM

IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

ANTONIO YOUNG

      Plaintiff,

vs.                                         CASE NO.

WESTROCK PAPER AND
PACKAGING, LLC a wholly owned
subsidiary of WESTROCK COMPANY

      Defendant.
_____/

## COMPLAINT

Plaintiff, ANTONIO YOUNG, hereby sues Defendant, WESTROCK PAPER AND PACKAGING, LLC a wholly owned subsidiary of WESTROCK COMPANY, (hereinafter "Defendant") and alleges:

### NATURE OF THE ACTION

1. This is an action brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 et seq. ("FCRA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only. The actual

**EXHIBIT A**

value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const. Plaintiff demands a jury trial.

3. Venue lies with this Court for Plaintiff's claims as the events giving rise to the claims occurred in Duval County, Florida.

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, ANTONIO YOUNG, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his race (African-American) and he was retaliated against after complaining about disparate treatment to HR.

5. At all times pertinent hereto, Defendant, WESTROCK PAPER AND PACKAGING, LLC a wholly owned subsidiary of WESTROCK COMPANY, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff, a 44 year-old African-American male, was employed with Defendant beginning September 15, 2017 as a millwright for Defendant. During his employment with Defendant, Plaintiff was discriminated against because of his race and retaliated against because he made complaints to the human resources office.

8. Plaintiff was subjected to derogatory racial remarks, disparaging treatment and an extremely hostile work environment.

9. Plaintiff's mistreatment came at the hands of his supervisor, Michael Barchelette.

10. Mr. Barchelette made disparaging comments in front of co-workers and directed to Mr. Young's race and/or color such as, "Keep working on your knees," and "you are nothing." Mr. Barchelette purposely assigned Plaintiff as the only worker to a two-worker job to intentionally create an unsafe work environment.

11. Mr. Young reported Mr. Barchelette's behavior to the Maintenance Supervisor, Rich McGregor, on multiple occasions during his employment.

12. In or around April/May 2019, Mr. Barchelette, in front of Plaintiff's co-worker, Jimmy Smith, told Plaintiff, "Liberal, you peoples are what's wrong with this world."

13. Plaintiff, fed up with Mr. Barchelette's humiliating behavior, complained to HR. HR opened an investigation, but did not terminate Mr. Barchelette.

14. Plaintiff later reported Mr. Barchelette for making the statement to Plaintiff in front of Jimmy Smith that "I will never hire another [n-word] like you."

15. Approximately six weeks after Plaintiff reported Mr. Barchelette's racially discriminatory and hostile behavior to HR, Mr. Barchelette, in retaliation, reported Plaintiff for allegedly violating the lock out-tag out policy.

16. On or about August 6, 2019, Mr. Young was terminated. Mr. Barchellette was never terminated.

17. Immediately following Mr. Young's termination, Mr. Barchelette stated to Jimmy Smith, "I don't like [n-word] working at WestRock and I'll make sure no more [n-word] like Mr. Young are ever hired again."

18. Defendant's actions were willful and/or were in reckless disregard of the severity of the violations of law represented by the same.

19. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

**RACE DISCRIMINATION/RETALIATION—CHAPTER 760, FLORIDA STATUTES**

20. Plaintiff re-alleges and incorporates by reference the allegations stated in paragraph 1-19 as though fully set forth herein.

21. The Florida Civil Rights Act (FCRA), Fla. Stat. 760.10(1)(a), protects individuals from discrimination in the workplace. It is unlawful to discriminate against an employee because he engaged in protected activity pursuant to Florida law. Fla. Stat. 760.10(7).

22. Defendant engaged in unlawful employment practices in violation of the FCRA by discharging Plaintiff in part because of his race and/or in retaliation for engaging in the protected activity of reporting discrimination and/or an unlawful hostile work environment.

23. Defendant discriminated against Plaintiff before, during, and after his protected complaints by subjecting him to the unlawful hostile work environment directly relating to his race. Plaintiff objected to the unlawful treatment.

24. Plaintiff was protected from discrimination/retaliation from Defendant. The decision to terminate Plaintiff was made based on his race and/or complaints to HR.

25. Plaintiff has been the victim of discrimination in violation of Florida law. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated white employees. Plaintiff was discriminated against based on his race through Defendant's constant or severe harassment of Plaintiff based on his race.

26. Defendant is liable for the differential treatment and discharging Plaintiff because of his race/objection to discrimination and the unlawful hostile work environment. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

27. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were race based and in violation of the laws set forth herein. Defendant's agents discharged Plaintiff and harassed Plaintiff based on his race and/or complaints regarding his mistreatment by Defendant.

28. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

29. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon race.

30. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. Plaintiff's damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages as well as punitive damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 15th day of December 2021.

Respectfully submitted,

/s/ Thomas L. Dickens, III
THOMAS L. DICKENS, III, ESQ.
Florida Bar No.: 063687
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 204-2208

tdickens@forthepeople.com;
mfermaint@forthepeople.com